1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **MATTHEW ARVIZU,** | **1:10-cv-00990-OWW-JLT** |
| **Plaintiff,** | **MEMORANDUM DECISION REGARDING DEFENDANTS' MOTION TO DISMISS (Doc. 6)** |
| **v.** | |
| **GMAC MORTGAGE, LLC, et al.,** | |
| **Defendants.** | |

## I.  INTRODUCTION.

Plaintiff Matthew Arvizu ("Plaintiff") proceeds with an action asserting eighteen causes of action against various Defendants involved in transactions related to a loan secured by Plaintiff's real property.

Defendants removed this action to federal court on June 3, 2010.  (Doc. 1).  Defendants filed a motion to dismiss Plaintiff's complaint on June 10, 2010.  (Doc. 6).

Plaintiff filed opposition to the motion to dismiss on July 20, 2010. (Doc. 23).  Defendants filed a reply on August 19, 2010. (Doc. 33).

## II.  FACTUAL BACKGROUND.

On or about November 21, 2006, Plaintiff purchased a residence ("the Property") using funds acquired through a loan from Defendant Greenpoint.  (Complaint at 7).  The terms of the loan were

**1**

memorialized in a promissory note, which was secured by a Deed of Trust, and Adjustable Rate Note, and Interim Interest Addendum to Note; these documents were recorded in Kern County on or about December 6, 2006. (Complaint at 7-8).   The Deed of Trust identified Defendant MERS as a beneficiary as nominee for Greenpoint, Greenpoint as the servicer, and Marin Conveyancing Corp. as the Trustee. (Complaint at 8).

The Deed of Trust appears to have been executed on November 21, 2006; however, the Uniform Residential Loan Application was completed on November 27, 2006. (Complaint at 8).   Plaintiff contends that Greenpoint manipulated the lending process to the detriment of Plaintiff. (Complaint at 8).   Plaintiff alleges he did not receive the required documents and disclosure upon consummation of the lease. (Complaint at 8).

On or about March 17, 2009, a Notice of Default on the Property was recorded.  The notice was signed by Maria DeBelen on behalf of "ETS Services LLC as Agent for Beneficiary." (Complaint at 8).   Plaintiff alleges that he never received the Notice of Default. (Complaint at 18).  Also on March 17, 2009, GMAC recorded a Substitution of Trustee purporting to designate ETS and Executive Trustee Services as Trustee under the Deed of Trust; in this document, MERS identified itself as the present beneficiary under the Deed of Trust. (Complaint at 17).

On or about June 19, 2009, ETS and Executive recorded a Notice of Trustee's Sale, stating a foreclosure sale date of July 15, 2009. (Complaint at 17).  Following the sale, ETS and Executive executed a Trustee's Deed Upon Sale which stated that GMAC, as foreclosing beneficiary, acquired title to the Property as grantee

pursuant to the foreclosure sale. (Complaint at 18). Plaintiff alleges that GMAC is not and was not the holder of the Note, and that GMAC had no right to initiate foreclosure under the Deed of Trust. (Complaint at 18). Plaintiff alleges that Defendants engage in a pattern and practice of unlawfully foreclosing on properties.

After learning of the foreclosure proceedings, Plaintiff sent GMAC a "Qualified Written Request" pursuant to 12 U.S.C. 2605(e)(1)(B); GMAC failed to respond. (Complaint at 19).

### III. **LEGAL STANDARD**.

**A. Rule 12(b)(6)**

Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1990). To sufficiently state a claim to relief and survive a 12(b)(6) motion, the pleading "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id*. Rather, there must be "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. In other words, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotation marks omitted).

The Ninth Circuit has summarized the governing standard, in light of *Twombly* and *Iqbal*, as follows: "In sum, for a complaint to

survive a motion to dismiss, the nonconclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir.2009) (internal quotation marks omitted). Apart from factual insufficiency, a complaint is also subject to dismissal under Rule 12(b)(6) where it lacks a cognizable legal theory, *Balistreri*, 901 F.2d at 699, or where the allegations on their face "show that relief is barred" for some legal reason, *Jones v. Bock*, 549 U.S. 199, 215, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007).

In deciding whether to grant a motion to dismiss, the court must accept as true all "well-pleaded factual allegations" in the pleading under attack. *Iqbal*, 129 S.Ct. at 1950. A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001). "When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond." *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir.2003). "A court may, however, consider certain materials-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment." *Id*. at 908.

///

///

**4**

**B. Rule 9(b)**

Rule 9(b) imposes an elevated pleading standard with respect to certain claims. Rule 9(b) provides:

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

"To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (internal quotation marks omitted). Allegations of fraud must include the "time, place, and specific content of the false representations as well as the identities of the parties  to the misrepresentations." *Id*. (internal quotation marks omitted). The "[a]verments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (internal quotation marks omitted). A plaintiff alleging fraud "must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (emphasis and internal quotation marks omitted).

## IV. <u>DISCUSSION</u>.

Defendants advance two arguments that are generally applicable to all of Plaintiff's claims.  First, Defendants contend that this entire action should be dismissed because Plaintiff lacks standing due to a Chapter 7 petition filed in the Bankruptcy Court after the complaint was filed.  However, on September 27, 2010, Plaintiff's

1   Bankruptcy case closed.  As Plaintiff has received his discharge

2   and the bankruptcy proceeding is now closed, Defendants' argument

3   that the complaint should be dismissed for lack of standing so that

4   the Chapter 7 trustee can be substituted as Plaintiff is now moot.

5        Second, Defendants contend that many, if not all, of

6   Plaintiff's claims are barred by the doctrine of collateral

7   estoppel.  Defendants ask the court to take judicial notice of a

8   judgment entered by the California Superior Court in connection

9   with GMAC's unlawful detainer action against Plaintiff.  Defendants

10  contend that the issues raised in this action were or should have

11  been raised in the unlawful detainer trial.

12       Although the court may take judicial notice of the fact that

13  GMAC obtained a judgment against Plaintiff, there is no written

14  decision from the Superior Court from which the court can determine

15  what issues were actually litigated in the unlawful detainer

16  action.  Nor is Plaintiff's answer to the unlawful detainer

17  complaint before the court.  Because unlawful detainer proceedings

18  in California are generally limited in scope, the court cannot say

19  that Plaintiff's claims in this case are precluded as a matter of

20  law:

21           As a general rule, in unlawful detainer proceedings, only
             claims bearing directly upon the right to possession are
22           involved. However...courts must make a limited inquiry
             into the basis of the plaintiff's title...
23
24           [W]here the plaintiff in the unlawful detainer action is
             the purchaser at a trustee's sale, he or she need only
25           prove a sale in compliance with the statute and deed of
             trust, followed by purchase at such sale, and the
26           defendant may raise objections only on that phase of the
             issue of title. Matters affecting the validity of the
27           trust deed or primary obligation itself, or other basic
             defects in the plaintiff's title, are neither properly
28           raised in this summary proceeding for possession, nor are
             they concluded by the judgment.

**6**

*Old Nat'l Fin. Servs. v. Seibert*, 194 Cal. App. 3d 460, 465 (Cal. Ct. App. 1987).  The record is insufficient to determine that all of Plaintiff's claims are barred by collateral estoppel.

**A. Plaintiff's TILA[1] Claim**

Plaintiff seeks recision of the underlying loan transaction pursuant to 15 U.S.C. § 1635 as well as statutory damages and costs pursuant to U.S.C. § 1640(a). (Complaint at 20-22).  Plaintiff's TILA claim is based on Defendants' alleged failure to provide required disclosures and for placing "terms prohibited by statute into the transaction."  (Complaint at 22).  Defendants assert correctly that Plaitniff's TILA claims are time barred.

The right of rescission provided by section 1635 expires three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first.  15 U.S.C. § 1635(f). Based on the allegations of the complaint and judicially noticeable documents contained in the record, the Property at issue in this action was sold in a foreclosure sale on July 15, 2009. Accordingly, Plaintiff does not have a valid claim for recision under section 1635, and Plaintiff may not cure the deficiency of his recision claim with an amended complaint.  *Id.*; *Miguel v. Country Funding Corp*, 309 F.3d 1161, 1164 (9th Cir. 2002) ("section 1635(f) represents an 'absolute limitation on rescission actions'").  Plaintiff's recision claim is DISMISSED, with prejudice.

Plaintiff's claim for statutory damages and costs is also foreclosed by the allegations of the complaint and judicially

[1] The Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*

**7**

1    noticeable documents in the record.   An action for statutory
2    damages and costs pursuant to section 1640 must be brought within
3    one year from the date of the occurrence of the TILA violation.  15
4    U.S.C. § 1640(e).   The TILA violations alleged in the complaint
5    concern disclosure violations which occurred in November 2006.
6    (Complaint at 8; 21-22).   Accordingly, Plaintiff's claim is time
7    barred, as it was not brought within one year of the alleged
8    violations.

9         Plaintiff's contention that the statute of limitations began
10   to run when Defendants allegedly failed to respond to the recision
11   demand Plaintiff sent in October of 2009 lacks merit.   First, the
12   complaint does not clearly allege a TILA violation based on the
13   October 2009 recision demand. More importantly, however, Plaintiff
14   had no right to recision in October 2009.   The July 15, 2009
15   foreclosure sale extinguished Plaintiff's right to recision.   15
16   U.S.C. § 1635(f).   Plaintiff's claim for damages and costs under
17   section 1640 is DISMISSED, with prejudice.

18   **B. Plaintiff's RESPA[2] Claim**

19        Defendant contends that Plaintiff's RESPA claim is time-
20   barred, and that the complaint fails to properly plead damages in
21   connection with the alleged RESPA violation.   Plaintiff responds
22   that he is entitled to equitable tolling, and that "damages will be
23   determined at trial."  (Opposition at 7-8).

24        The nature of Plaintiff's RESPA claim is unclear, but
25   Plaintiff's opposition indicates that the RESPA violations occurred
26   at the time of "closing."  (See Opposition at 7).   To the extent

27   _____

28        [2] The Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.*

**8**

1  Plaintiff's claim was not filed within the applicable statute of
2  limitations, Plaintiff's conclusory assertion of equitable tolling
3  is insufficient; the complaint must allege facts sufficient to
4  support the contention that equitable tolling should apply.  In any
5  event, to the extent Plaintiff has a RESPA claim that is not time-
6  barred, such claim be dismissed because the complaint does not
7  properly allege any damages.

8       Plaintiff's opposition states that "damages will be determined
9  at trial;" this statement is tantamount to a tacit concession that
10 the complaint does not allege any damages in connection with
11 Defendant's alleged violation of the notice requirements set forth
12 in 12 U.S.C. § 2605, and no damages are alleged within the four
13 corners of the complaint.  Plaintiff's claim for statutory damages
14 of $1,000.00 pursuant to  12 U.S.C. § 2605(1)(B) is insufficient,
15 as the complaint does not allege facts sufficient to give rise to
16 the inference that Defendants engage in a pattern or practice of
17 noncompliance with RESPA.  *See* 12 U.S.C. § 2605(1)(B) (plaintiffs
18 may recover "any additional damages, as the court may allow, *in the*
19 *case of a pattern or practice of noncompliance* with the
20 requirements of this section, in an amount not to exceed $ 1,000").
21 Plaintiff's RESPA claim is DISMISSED, without prejudice.

22 **C. Plaintiff's Debt Collection Claims**

23      Plaintiff contends that Defendants violated California's
24 Rosenthal Fair Debt Collection Practices Act ("RFDCPA") and the
25 federal Fair Debt Collection Practices Act (FDCPA) by foreclosing
26 on Plaintiff's property, filing an unlawful detainer action,
27 falsely stating the amount of debt, and increasing the amount of
28 the debt by including amounts not permitted by law or contract.

1  (Complaint at 23). Plaintiff's contentions regarding

2  misrepresentation and inflation of the amount of debt at issue are

3  not supported by sufficient factual allegations in the complaint.

4  Further, foreclosing on a property pursuant to a deed of trust is

5  not debt collection within the meaning of the RFDCPA or the FDCA.

6  *See Izenberg v. ETS Servs.*, *LLC*, 589 F. Supp. 2d 1193, 1198-99

7  (C.D. Cal. 2008); *Ines v. Countrywide Home Loans, Inc.*, 2008 U.S.

8  Dist. LEXIS 88739, 2008 WL 4791863, at *2 (S.D. Cal. Nov. 3, 2008).

9  The complaint fails to allege facts sufficient to support the

10  inference that Defendants are "debt collectors." Plaintiff's

11  argument that because the foreclosure proceeding was invalid, all

12  the Defendants' conduct constituted "debt collection" lacks merit

13  because, *inter alia*, the complaint does not allege sufficient facts

14  to establish the illegality of the foreclosure proceeding.

15  Plaintiff's debt collection claims are DISMISSED, without

16  prejudice.

17  **D. Plaintiff's Title Related Claims**

18  As Plaintiff concedes, Plaintiff's claims for wrongful

19  foreclosure, quiet title, to set aside trustee's sale, and

20  cancellation of the trustee's deed are deficient because the

21  complaint does not allege an offer to tender. (Opposition at 9).

22  It is undisputed that these claims must be dismissed. The only

23  question is whether Plaintiff should be given leave to amend.

24  To the extent that any of these claims are based solely on

25  Plaintiff's argument that only a holder of the promissory note may

26  enforce its terms or the terms of the deed of trust, the claims are

27  untenable. *See, e.g., Castaneda v. Saxon Mortgage Servs., Inc.*,

28  687 F. Supp. 2d 1191, 1201 (E.D. Cal. 2009) ("Under California law,

**10**

1  there is no requirement for the production of the original note to
2  initiate a non-judicial foreclosure").   Additionally, any claims
3  premised on the argument that the foreclosure sale was not
4  performed in compliance with the relevant California statutory
5  authority or with the Deed of Trust are precluded by the prior
6  judgment issued against Plaintiff in the unlawful detainer action.
7  *See Wood v. Herson*, 39 Cal. App. 3d 737, 743-744 (Cal. Ct. App.
8  1974) (discussing application of collateral estoppel as applied to
9  judgments in unlawful detainer actions). Plaintiff will be given
10 one opportunity to plead cognizable claims.

11 **E. Slander of Title Claim**

12      Slander of title occurs when a person, without a privilege to
13 do so, publishes a false statement that disparages title to
14 property and causes pecuniary loss. *Truck Ins. Exch. v. Bennett*,
15 53 Cal. App. 4th 75, 84 (Cal. Ct. App. 1997).  "The elements of the
16 tort are (1) publication, (2) absence of justification, (3) falsity
17 and (4) direct pecuniary loss." *Id*. (citation omitted).

18      Although the complaint alleges that Defendant's recording of
19 the Notice of Default, Notice of Trustee's Sale, and Trustee's deed
20 was "improper," (Complaint at 27), the complaint fails to allege
21 facts sufficient to support the inference that the publications
22 were false.  The complaint also fails to allege that Plaintiff
23 suffered direct pecuniary loss as a result of the publications.  As
24 Defendants point out, the apparent basis for Plaintiff's slander of
25 title claim is Plaintiff's argument concerning possession of the
26 Note at the time of the "improper" publications.

27      Plaintiffs opposition to the motion to dismiss states "if
28 allowed to amend, Plaintiff will eliminate the Slander of Title

cause of action." (Opposition at 12). Plaintiff's slander of title claim is DISMISSED, with prejudice.

**F. Civil Conspiracy Claim**

The complaint asserts a cause of action for "civil conspiracy." (Complaint at 28-29). There is no stand alone cause of action for civil conspiracy recognized by California law. E.g. *Grisham v. Philip Morris U.S.A., Inc.*, 40 Cal. 4th 623, 632 (Cal. 2007) (citing *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.* 7 Cal.4th 503, 510-511 (Cal. 1994)). This claim is DISMISSED without prejudice.

**G. UCL Claims**[3]

The complaint alleges "Plaintiff is informed and believes...that Defendants committed unlawful, unfair, and/or fraudulent business practices as defined by California Business and Professions Code § 17200" ("UCL claims"). (Complaint at 29). Plaintiff's conclusory allegations do not give Defendants fair notice of the nature of Plaintiff's claim.

California law prohibits unfair competition including "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200 *et seq*. Because the statute is written in the disjunctive, it applies separately to business acts or practices that are (1) unlawful, (2) unfair, or (3) fraudulent. *See Pastoria v. Nationwide Ins.*, 112 Cal. App. 4th 1490, 1496 (Cal. Ct. App. 2003). Each prong of the UCL is a separate and distinct theory of liability. *See id*.

///

---

[3] California Business and Professions Code § 17200 *et seq.*

1    Plaintiff's UCL allegations do not specify the basis for his
2   claim, i.e., whether it is based on an unlawful, unfair, or
3   fraudulent practice, let alone state, with reasonable
4   particularity, the facts supporting the statutory elements of the
5   violation. Second, to the extent Plaintiff asserts a UCL claim
6   based on a violation of other law, his complaint fails to state a
7   claim for a violation of RESPA, the RFDCPA, or any other law.
8   Accordingly, to the extent the UCL claim is predicated on the
9   violation of other law, it is insufficiently pled. Third, to the
10  extent Plaintiff asserts a UCL claim that is based on or grounded
11  in fraud, it must meet the requirements of Rule 9(b), which it does
12  not. The complaint fails to specify what particular role each
13  Defendant played in any alleged fraud.  Plaintiff's UCL claim is
14  DISMISSED, without prejudice.

15  **H. Plaintiff's RICO Claims**

16    Plaintiff's RICO claims are based on Defendants' alleged
17  scheme to wrongfully foreclose on Plaintiff's property. (Complaint
18  at 30-35).  To the extent that Plaintiff's RICO claims rely on the
19  predicate act of initiating a foreclosure without having possession
20  of the Note, Plaintiff's claims are untenable. *See, e.g.,*
21  *Castaneda*, 687 F. Supp. 2d at 1201 (E.D. Cal. 2009) ("Under
22  California law, there is no requirement for the production of the
23  original note to initiate a non-judicial foreclosure").
24  Plaintiff's conclusory allegation that Defendants attempted to
25  acquire the subject Property through "deception and fraud" is not
26  supported by sufficient factual allegations.  Plaintiff's RICO
27  claims are dismissed, without prejudice.

28  ///

**I. Plaintiff's Fraud Claim**

Plaintiff's fraud claim fails to comply with the requirements of Federal Rule of Civil Procedure 9. Plaintiff attempts to simply incorporate the preceding 139 paragraphs of the complaint and asserts boilerplate language tracking the elements of fraud. (Complaint at 36). Plaintiff tacitly concedes that the complaint should be amended "to provide more specificity...including the actions of each defendant, the type of actions, and when those actions occurred." (Opposition at 11). Plaintiff's fraud claim is DISMISSED, without prejudice.

**J. Claims Based on California Civil Codes §§ 2923.5 and 2923.6**

California Civil Code section 2923.5 requires, before a notice of default may be filed, that a lender contact the borrower in person or by phone to "assess" the borrower's financial situation and "explore" options to prevent foreclosure. *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 204 (Cal. Ct. App. 2010). The right of action provided by section 2923.5 is limited to obtaining a postponement of an impending foreclosure to permit the lender to comply with section 2923.5. As the complaint alleges that the Property has already been sold in a foreclosure sale, Plaintiff's claim under section 2923.5 is moot and is DISMISSED with prejudice.

Unlike section 2923.5, section 2923.6 does not *require* lenders to take any action. *Id.* at 211 n.9. Plaintiff has no cause of action under section 2923.6. Plaintiff's claim is DISMISSED with prejudice.

**ORDER**

For the reasons stated, IT IS ORDERED:

1) Plaintiff's TILA claims are DISMISSED, with prejudice;

**14**

2) Plaintiff's RESPA claim is DISMISSED, without prejudice;

3) Plaintiff's debt collection claims under California's RFDCPA and the federal FDCPA are DISMISSED, without prejudice;

4) Plaintiff's claims for unlawful foreclosure, quiet title, to set aside trustee's sale, and for cancellation of the trustee's deed are DISMISSED, without prejudice;

5) Plaintiff's slander of title claim is DISMISSED, with prejudice;

6) Plaintiff's civil conspiracy claim is DISMISSED, without prejudice;

7) Plaintiff's UCL claims are DISMISSED, without prejudice;

8) Plaintiff's RICO claims are DISMISSED, without prejudice;

9) Plaintiff's fraud claim is DISMISSED, without prejudice;

10) Plaintiff's Claims Based on California Civil Codes §§ 2923.5 and 2923.6 are DISMISSED, with prejudice, and

11) Plaintiff shall lodge a formal order consistent with this decision within five (5) days following electronic service of this decision by the clerk.  Plaintiff shall file an amended complaint within fifteen (15) days of the filing of the order. Defendant shall file a response within fifteen (15) days of receipt of the amended complaint.

IT IS SO ORDERED.

**Dated:    October 8, 2010**                          **/s/ Oliver W. Wanger**
                                        UNITED STATES DISTRICT JUDGE