UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MATTHEW ARVIZU,** | **1:10-cv-00990-OWW-JLT** |
| **Plaintiff,** | **MEMORANDUM DECISION REGARDING DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT (Doc. 43)** |
| **v.** | |
| **GMAC MORTGAGE, LLC, et al.,** | |
| **Defendants.** | |

## I. **INTRODUCTION**.

Plaintiff Matthew Arvizu ("Plaintiff") asserts eighteen causes of action against various Defendants involved in transactions related to a loan secured by Plaintiff's real property.

Plaintiff filed a first amended complaint ("FAC") on November 4, 2010. (Doc. 42). Defendant Greenpoint Mortgage Funding, Inc. ("Greenpoint") filed a motion to dismiss the FAC on November 19, 2010. (Doc. 42). Defendant Executive Trustee Services, LLC ("ETS"), GMAC Mortgage, LLC ("GMAC"), and Mortgage Electronic Registration Systems, Inc. ("MERS") also filed a motion to dismiss on November 19, 2010. (Doc. 44).

Plaintiff filed opposition to the motions to dismiss on February 9, 2011. (Doc. 52). Defendants filed replies on February 18, 2011. (Docs. 53, 54).

///

**1**

## II. **FACTUAL BACKGROUND**.

On or about November 21, 2006, Plaintiff purchased a residence ("the Property") using funds acquired through a loan from Defendant Greenpoint. The terms of the loan were memorialized in a promissory note, which was secured by a Deed of Trust, and Adjustable Rate Note, and Interim Interest Addendum to Note.

The Deed of Trust appears to have been executed on November 21, 2006; however, the Uniform Residential Loan Application was completed on November 27, 2006. Plaintiff contends that Greenpoint manipulated the lending process to the detriment of Plaintiff. Plaintiff alleges he did not receive the required documents and disclosure upon consummation of the lease.

On or about March 17, 2009, a Notice of Default on the Property was recorded. Plaintiff alleges he never received the Notice of Default. The notice was signed by Maria DeBelen on behalf of "ETS Services LLC as Agent for Beneficiary." Plaintiff alleges that he never received the Notice of Default. Also on March 17, 2009, GMAC recorded a Substitution of Trustee purporting to designate ETS as Trustee under the Deed of Trust; in this document, MERS identified itself as the present beneficiary under the Deed of Trust.

On or about June 19, 2009, ETS recorded a Notice of Trustee's Sale, stating a foreclosure sale date of July 15, 2009. Following the sale, ETS executed a Trustee's Deed Upon Sale which stated that GMAC, as foreclosing beneficiary, acquired title to the Property as grantee pursuant to the foreclosure sale. Plaintiff alleges that GMAC is not and was not the holder of the Note, and that GMAC had no right to initiate foreclosure under the Deed of Trust.

**2**

1  Plaintiff alleges that Defendants engage in a pattern and practice
2  of unlawfully foreclosing on properties.

3      After learning of the foreclosure proceedings, Plaintiff sent
4  GMAC a "Qualified Written Request" pursuant to 12 U.S.C.
5  2605(e)(1)(B); GMAC failed to respond.

6                    **III.  LEGAL STANDARD.**

7  **A. Rule 12(b)(6)**

8      Dismissal under Rule 12(b)(6) is appropriate where the
9  complaint lacks sufficient facts to support a cognizable legal
10 theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th
11 Cir.1990). To sufficiently state a claim to relief and survive a
12 12(b)(6) motion, the pleading "does not need detailed factual
13 allegations" but the "[f]actual allegations must be enough to raise
14 a right to relief above the speculative level." *Bell Atl. Corp. v.*
15 *Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).
16 Mere "labels and conclusions" or a "formulaic recitation of the
17 elements of a cause of action will not do." *Id*. Rather, there must
18 be "enough facts to state a claim to relief that is plausible on
19 its face." *Id*. at 570. In other words, the "complaint must contain
20 sufficient factual matter, accepted as true, to state a claim to
21 relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S.
22 ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal
23 quotation marks omitted).

24     The Ninth Circuit has summarized the governing standard, in
25 light of *Twombly* and *Iqbal*, as follows: "In sum, for a complaint to
26 survive a motion to dismiss, the nonconclusory factual content, and
27 reasonable inferences from that content, must be plausibly
28 suggestive of a claim entitling the plaintiff to relief." *Moss v.*

**3**

*U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir.2009) (internal quotation marks omitted). Apart from factual insufficiency, a complaint is also subject to dismissal under Rule 12(b)(6) where it lacks a cognizable legal theory, *Balistreri*, 901 F.2d at 699, or where the allegations on their face "show that relief is barred" for some legal reason, *Jones v. Bock*, 549 U.S. 199, 215, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007).

In deciding whether to grant a motion to dismiss, the court must accept as true all "well-pleaded factual allegations" in the pleading under attack. *Iqbal*, 129 S.Ct. at 1950. A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001). "When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond." *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir.2003). "A court may, however, consider certain materials-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment." *Id*. at 908.

**B. Rule 9(b)**

Rule 9(b) imposes an elevated pleading standard with respect to certain claims. Rule 9(b) provides:

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions

**4**

1     of a person's mind may be alleged generally.

2 "To comply with Rule 9(b), allegations of fraud must be specific

3 enough to give defendants notice of the particular misconduct which

4 is alleged to constitute the fraud." *Swartz v. KPMG LLP*, 476 F.3d

5 756, 764 (9th Cir. 2007) (internal quotation marks omitted).

6 Allegations of fraud must include the "time, place, and specific

7 content of the false representations as well as the identities of

8 the parties  to the misrepresentations." *Id*. (internal quotation

9 marks omitted). The "[a]verments of fraud must be accompanied by

10 the who, what, when, where, and how of the misconduct charged."

11 *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009)

12 (internal quotation marks omitted). A plaintiff alleging fraud

13 "must set forth more than the neutral facts necessary to identify

14 the transaction. The plaintiff must set forth what is false or

15 misleading about a statement, and why it is false." *Vess v.*

16 *Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (emphasis

17 and internal quotation marks omitted).

18 **IV. DISCUSSION.**

19 **A. Federal Claims**

20     **1. Plaintiff's RESPA[1] Claim**

21     The RESPA claim alleged in Plaintiff's original complaint was

22 dismissed on two grounds: (1) it appeared to be time-barred; and

23 (2) Plaintiff did not plead damages resulting from any alleged

24 RESPA violations.  The FAC does not correct either of the

25 deficiencies that required dismissal of the original complaint.

26 ///

27 _____

28     [1] The Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.*

**5**

1    Plaintiff alleges two RESPA violations.  First, Plaintiff
2  contends that his lender violated RESPA at the time of closing by
3  failing to provide required documents and disclosures.  (FAC at ¶
4  24).  As noted in the Memorandum Decision dismissing Plaintiff's
5  original complaint, any claim for RESPA violations occurring at the
6  loan closing is time-barred.   (Doc. at );  12 U.S.C. § 2614
7  (providing either one or three year statute of limitations for
8  RESPA actions).   Plaintiff asserts he is entitled to equitable
9  tolling.  Plaintiff contends that because of Greenpoint's alleged
10  fraud, Plaintiff did not have reason to know of his RESPA claim
11  until learning of the foreclosure proceedings and Trustee's sale.
12  (Opposition at 4-5).   Plaintiff's argument is unintelligible.
13  There is no nexus between Greenpoint's conduct and Plaintiff's
14  knowledge of the alleged RESPA violations that occurred at closing.
15  Nor is there any nexus between the foreclosure proceedings and
16  Plaintiff's knowledge of the alleged RESPA violations. Plaintiff's
17  opposition represents that "there was a complete failure of
18  providing any documents" at closing; Plaintiff had notice of the
19  RESPA violations related to disclosures in 2006, more than three
20  years before Plaintiff filed his original complaint in this action.

21    Second, Plaintiff contends that Defendants violated RESPA by
22  failing to respond to a "qualified written request" ("QWR") sent by
23  Plaintiff in 2009.  As in the original complaint, the FAC does not
24  allege any damages resulting from the purported failure to respond
25  to Plaintiff's QWR.  As Plaintiff concedes, the Property had
26  already been foreclosed at the time of Plaintiff's QWR.  Finally,
27  Plaintiff's conclusory statement "on information and belief" that
28  Defendants engage in a pattern and practice of RESPA violations is

**6**

insufficient to satisfy federal pleading standards.   Each of the

deficiencies requring dismissal of the RESPA claim pled in the FAC

is a deficiency Plaintiff was specifically instructed to correct in

the memorandum decision dismissing Plaintiff's original complaint.

Plaintiff has not done so.   Plaintiff's RESPA claim is DISMISSED,

WITH PREJUDICE.

### 2. Plaintiff's Fair Debt Collection Act Claim

The FAC alleges Defendants violated the federal Fair Debt

Collection Practices Act ("FDCPA").   Plaintiff's opposition to the

motion to dismiss states that Plaintiff's FDCPA claim is withdrawn.

(Opposition at 7-8).

In dismissing Plaintiff's FDCPA claim in the original

complaint, the court provided the following analysis:

> Plaintiff contends that Defendants violated California's
> Rosenthal Fair Debt Collection Practices Act ("RFDCPA")
> and the federal Fair Debt Collection Practices Act
> (FDCPA) by foreclosing on Plaintiff's property, filing an
> unlawful detainer action, falsely stating the amount of
> debt, and increasing the amount of the debt by including
> amounts not permitted by law or contract.

> Plaintiff's contentions regarding misrepresentation and
> inflation of the amount of debt at issue are not
> supported by sufficient factual allegations in the
> complaint. Further, foreclosing on a property pursuant to
> a deed of trust is not debt collection within the meaning
> of the RFDCPA or the FDCA. *See Izenberg v. ETS Servs.,*
> *LLC*, 589 F. Supp. 2d 1193, 1198-99 (C.D. Cal. 2008); *Ines*
> *v. Countrywide Home Loans, Inc.*, 2008 U.S. Dist. LEXIS
> 88739, 2008 WL 4791863, at *2 (S.D. Cal. Nov. 3, 2008).
> The complaint fails to allege facts sufficient to support
> the inference that Defendants are "debt collectors."
> Plaintiff's argument that because the foreclosure
> proceeding was invalid, all the Defendants' conduct
> constituted "debt collection" lacks merit because, inter
> alia, the complaint does not allege sufficient facts to
> establish the illegality of the foreclosure proceeding.

(Doc. 39 at 9-10).   Because the FAC does not remedy the

deficiencies identified in the memorandum decision dismissing

1  Plaintiff's original FDCPA claim, the FDCPA claim is DISMISSED WITH

2  PREJUDICE.

3      **3. Plaintiff's Rico Claim**

4      Plaintiff's opposition to the motion to dismiss states that

5  Plaintiff's RICO claim is withdrawn.  In dismissing the RICO claim

6  alleged in Plaintiff's original complaint, the court provided the

7  following analysis:

8          Plaintiff's RICO claims are based on Defendants' alleged
           scheme to wrongfully foreclose on Plaintiff's property.
9          (Complaint at 30-35). To the extent that Plaintiff's RICO
           claims rely on the predicate act of initiating a
10         foreclosure without having possession of the Note,
           Plaintiff's claims are untenable. *See, e.g., Castaneda*,
11         687 F. Supp. 2d at 1201 (E.D. Cal. 2009) ("Under
           California law, there is no requirement for the
12         production of the original note to initiate a
           non-judicial foreclosure"). Plaintiff's conclusory
13         allegation that Defendants attempted to acquire the
           subject Property through "deception and fraud" is not
14         supported by sufficient factual allegations. Plaintiff's
           RICO claims are dismissed, without prejudice.
15

16  (Doc. 39 at 13).  The FAC fails to properly plead deception or

17  fraud.  Further, throughout his opposition to the motion to

18  dismiss, Plaintiff repeats the discredited argument that "if you

19  can 'carve out' the power of sale from a deed of trust and give

20  it to a 'trustee', you run afoul of century-old American

21  jurisprudence that holds that the note and mortgage are inseparable

22  because a deed of trust without an ability to be enforced lacks its

23  ability to be a security instrument." (Opposition at 11) (citations

24  omitted).  Because the FAC does not remedy the deficiencies

25  identified in the memorandum decision dismissing Plaintiff's

26  original RICO claim, the RICO claim is DISMISSED WITH PREJUDICE.

27  ///

28  ///

**8**

**B. State Law Claims**

In a case that is removed to federal court based on federal question jurisdiction, once all federal claims are eliminated from the action, federal courts have discretion to remand the remaining state law claims to the state court. *E.g. Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991). To make the remand decision, a court should consider factors such as judicial economy, convenience, fairness, comity, and forum manipulation*. City of Chi. v. Int'l College of Surgeons*, 522 U.S. 156, 173 (1997). Based on these factors, "it is generally preferable for a district court to remand remaining pendent claims to state court." *Harrell*, 934 F.2d at 205. Unless considerations of judicial economy, convenience, and fairness weigh in favor of exercising pendent jurisdiction, federal courts should remand state law claims to avoid needless decisions of state law. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) *superceded by statute on other grounds as stated in Berrios-Cintron v. Cordero*, 976 F. Supp. 110, 111 n.2 (D.P.R. 1997).

Neither judicial economy, convenience, or fairness weighs in favor of exercising pendent jurisdiction in this case. The interest in comity weighs heavily in favor of remand, as Plaintiff's state law causes of action implicate the propriety of a non-judicial foreclosure sale of real property under state law and a state court judgment in an unlawful detainer action concerning the Property, all maters inherently local in nature. Accordingly, Plaintiff's remaining state law claims are REMANDED.

///

///

1

**ORDER**

2      For the reasons stated above:

3      1) Plaintiff's federal claims are DISMISSED, with prejudice;

4      2) The remainder of Plaintiff's claims are REMANDED to the

5      Superior Court of California, County of Kern; and

6      3) Defendants shall lodge a formal order consistent with this

7      decision within five (5) days following electronic service of

8      this decision by the clerk.

9  IT IS SO ORDERED.

10  **Dated:    March 22, 2011**              **/s/ Oliver W. Wanger**
                                        UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10