UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| MATTHEW ARVIZU,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>GMAC MORTGAGE, LLC FKA GMAC MORTGAGE CORPORATION; GREENPOINT MORTGAGE FUNDING, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; ETS SERVICES, LLC; EXECUTIVE TRUSTEE SERVICES; CONNIE R. MELVIN d/b/a ACTION LEGAL SUPPROT SERVICE; MERRITT LAW, INC.; and Does 1 to 200, inclusive,<br><br>． | Case No.:  1:10-cv-00990-OWW-JLT<br><br>**ORDER ON MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date:　Monday, February 14, 2011<br>Time:　10:00 AM<br>Dept:　Courtroom 3, 7th Floor<br>Judge:　The Hon. Oliver W. Wanger<br><br><br>Complaint filed:  March 26, 2010 |

　　The motions by (1) Defendants GMAC Mortgage, LLC, Mortgage Electronic Registration Systems, Inc, and Executive Trustee Services, LLC (incorrectly sued as "ETS Services, LLC" and "Executive Trustee Services"); and (2) Greenpoint Mortgage Funding, Inc. ("Greenpoint") (collectively, "Moving Defendants") to dismiss the First Amended Complaint pursuant to Rule

19000/0119/851250.4

ORDER
Case No.:  1:10-cv-990-OWW-JLT

PDF created with pdfFactory trial version www.pdffactory.com

12(b)(6) of the Federal Rules of Civil Procedure, came on for hearing in this Court on Monday, March 7, 2011 before the Hon. Oliver W. Wanger.  Appearances are noted on the record.

After considering the moving and opposition papers, as well as oral argument, and good cause appearing, the Court ruled as follows:

## I.    INTRODUCTION

Plaintiff Matthew Arvizu ("Plaintiff") asserts eighteen causes of action against various Defendants involved in transactions related to a loan secured by Plaintiff's real property.

Plaintiff filed a first amended complaint ("FAC") on November 4, 2010. (Doc. 42). Defendant Greenpoint Mortgage Funding, Inc. ("Greenpoint") filed a motion to dismiss the FAC on November 19, 2010.  (Doc. 42).  Defendant Executive Trustee Services, LLC ("ETS"), GMAC Mortgage, LLC ("GMAC"), and Mortgage Electronic Registration Systems, Inc. ("MERS") also filed a motion to dismiss on November 19, 2010.  (Doc. 44).

Plaintiff filed opposition to the motions to dismiss on February 9, 2011.  (Doc. 52). Defendants filed replies on February 18, 2011.  (Docs. 53, 54).

## II.    FACTUAL BACKGROUND

On or about November 21, 2006, Plaintiff purchased a residence ("the Property") using funds acquired through a loan from Defendant Greenpoint.  The terms of the loan were memorialized in a promissory note, which was secured by a Deed of Trust, and Adjustable Rate Note, and Interim Interest Addendum to Note.

The Deed of Trust appears to have been executed on November 21, 2006; however, the Uniform Residential Loan Application was completed on November 27, 2006.  Plaintiff contends that Greenpoint manipulated the lending process to the detriment of Plaintiff.

Plaintiff alleges he did not receive the required documents and disclosure upon consummation of the [loan].

On or about March 17, 2009, a Notice of Default on the Property was recorded. Plaintiff alleges he never received the Notice of Default.  The notice was signed by Maria DeBelen on behalf of "ETS Services LLC as Agent for Beneficiary."  Plaintiff alleges that he never received the Notice of Default.  Also on March 17, 2009, GMAC recorded a Substitution of Trustee

PDF created with pdfFactory trial version www.pdffactory.com

purporting to designate ETS as Trustee under the Deed of Trust; in this document, MERS identified itself as the present beneficiary under the Deed of Trust.

On or about June 19, 2009, ETS recorded a Notice of Trustee's Sale, stating a foreclosure sale date of July 15, 2009.  Following the sale, ETS executed a Trustee's Deed Upon Sale which stated that GMAC, as foreclosing beneficiary, acquired title to the Property as grantee pursuant to the foreclosure sale.  Plaintiff alleges that GMAC is not and was not the holder of the Note, and that GMAC had no right to initiate foreclosure under the Deed of Trust.  Plaintiff alleges that Defendants engage in a pattern and practice of unlawfully foreclosing on properties.

After learning of the foreclosure proceedings, Plaintiff sent GMAC a "Qualified Written Request" pursuant to 12 U.S.C. 2605(e)(1)(B); GMAC failed to respond.

### III.   LEGAL STANDARD.

#### A.   Rule 12(b)(6)

Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks sufficient facts to support a cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1990).  To sufficiently state a claim to relief and survive a 12(b) (6) motion, the pleading "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do."  *Id*.  Rather, there must be "enough facts to state a claim to relief that is plausible on its face."  *Id*. at 570.  In other words, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotation marks omitted).

The Ninth Circuit has summarized the governing standard, in light of *Twombly* and *Iqbal*, as follows: "In sum, for a complaint to survive a motion to dismiss, the nonconclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir.2009) (internal quotation marks omitted).  Apart from factual insufficiency, a complaint is also subject

PDF created with pdfFactory trial version www.pdffactory.com

to dismissal under Rule 12(b)(6) where it lacks a cognizable legal theory, *Balistreri*, 901 F.2d at 699, or where the allegations on their face "show that relief is barred" for some legal reason, *Jones v. Bock*, 549 U.S. 199, 215, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007).

In deciding whether to grant a motion to dismiss, the court must accept as true all "well-pleaded factual allegations" in the pleading under attack. *Iqbal*, 129 S.Ct. at 1950. A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001). "When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond." *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir.2003). "A court may, however, consider certain materials-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908.

**B.     Rule 9(b)**

Rule 9(b) imposes an elevated pleading standard with respect to certain claims. Rule 9(b) provides:

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

"To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (internal quotation marks omitted). Allegations of fraud must include the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Id.* (internal quotation marks omitted). The "[a]verments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (internal quotation marks omitted). A plaintiff alleging fraud "must set forth more than the neutral facts

PDF created with pdfFactory trial version www.pdffactory.com

necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (emphasis and internal quotation marks omitted).

## IV.   DISCUSSION

### A.   Federal Claims

#### 1.   Plaintiff's RESPA[1] Claim

The RESPA claim alleged in Plaintiff's original complaint was dismissed on two grounds: (1) it appeared to be time-barred; and (2) Plaintiff did not plead damages resulting from any alleged RESPA violations. The FAC does not correct either of the deficiencies that required dismissal of the original complaint.

Plaintiff alleges two RESPA violations. First, Plaintiff contends that his lender violated RESPA at the time of closing by failing to provide required documents and disclosures. (FAC at ¶ 24). As noted in the Memorandum Decision dismissing Plaintiff's original complaint, any claim for RESPA violations occurring at the loan closing is time-barred. (Doc. at ); 12 U.S.C. § 2614 (providing either one or three year statute of limitations for RESPA actions). Plaintiff asserts he is entitled to equitable tolling. Plaintiff contends that because of Greenpoint's alleged fraud, Plaintiff did not have reason to know of his RESPA claim until learning of the foreclosure proceedings and Trustee's sale. (Opposition at 4-5). Plaintiff's argument is unintelligible. There is no nexus between Greenpoint's conduct and Plaintiff's knowledge of the alleged RESPA violations that occurred at closing. Nor is there any nexus between the foreclosure proceedings and Plaintiff's knowledge of the alleged RESPA violations. Plaintiff's opposition represents that "there was a complete failure of providing any documents" at closing; Plaintiff had notice of the RESPA violations related to disclosures in 2006, more than three years before Plaintiff filed his original complaint in this action.

Second, Plaintiff contends that Defendants violated RESPA by failing to respond to a "qualified written request" ("QWR") sent by Plaintiff in 2009. As in the original complaint, the

---

[1] The Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq*.

PDF created with pdfFactory trial version www.pdffactory.com

FAC does not allege any damages resulting from the purported failure to respond to Plaintiff's QWR. As Plaintiff concedes, the Property had already been foreclosed at the time of Plaintiff's QWR. Finally, Plaintiff's conclusory statement "on information and belief" that Defendants engage in a pattern and practice of RESPA violations is insufficient to satisfy federal pleading standards. Each of the deficiencies requiring dismissal of the RESPA claim pled in the FAC is a deficiency Plaintiff was specifically instructed to correct in the memorandum decision dismissing Plaintiff's original complaint. Plaintiff has not done so. Plaintiff's RESPA claim is DISMISSED, WITH PREJUDICE.

### 2. Plaintiff's Fair Debt Collection Act Claim

The FAC alleges Defendants violated the federal Fair Debt Collection Practices Act ("FDCPA"). Plaintiff's opposition to the motion to dismiss states that Plaintiff's FDCPA claim is withdrawn. (Opposition at 7-8).

In dismissing Plaintiff's FDCPA claim in the original complaint, the court provided the following analysis:

> Plaintiff contends that Defendants violated California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA") and the federal Fair Debt Collection Practices Act (FDCPA) by foreclosing on Plaintiff's property, filing an unlawful detainer action, falsely stating the amount of debt, and increasing the amount of the debt by including amounts not permitted by law or contract.
>
> Plaintiff's contentions regarding misrepresentation and inflation of the amount of debt at issue are not supported by sufficient factual allegations in the complaint. Further, foreclosing on a property pursuant to a deed of trust is not debt collection within the meaning of the RFDCPA or the FDCA. See *Izenberg v. ETS Servs., LLC*, 589 F. Supp. 2d 1193, 1198-99 (C.D. Cal. 2008); *Ines v. Countrywide Home Loans, Inc.*, 2008 U.S. Dist. LEXIS 88739, 2008 WL 4791863, at *2 (S.D. Cal. Nov. 3, 2008). The complaint fails to allege facts sufficient to support the inference that Defendants are "debt collectors." Plaintiff's argument that because the foreclosure proceeding was invalid, all the Defendants' conduct constituted "debt collection" lacks merit because, inter alia, the complaint does not allege sufficient facts to establish the illegality of the foreclosure proceeding.

(Doc. 39 at 9-10). Because the FAC does not remedy the deficiencies identified in the memorandum decision dismissing Plaintiff's original FDCPA claim, the FDCPA claim is DISMISSED WITH PREJUDICE.

### 3. Plaintiff's RICO Claim

Plaintiff's opposition to the motion to dismiss states that Plaintiff's RICO claim is withdrawn. In dismissing the RICO claim alleged in Plaintiff's original complaint, the court provided the following analysis:

> Plaintiff's RICO claims are based on Defendants' alleged scheme to wrongfully foreclose on Plaintiff's property. (Complaint at 30-35). To the extent that Plaintiff's RICO claims rely on the predicate act of initiating a foreclosure without having possession of the Note, Plaintiff's claims are untenable. *See, e.g., Castaneda*, 687 F. Supp. 2d at 1201 (E.D. Cal. 2009) ("Under California law, there is no requirement for the production of the original note to initiate a non-judicial foreclosure"). Plaintiff's conclusory allegation that Defendants attempted to acquire the subject Property through "deception and fraud" is not supported by sufficient factual allegations. Plaintiff's RICO claims are dismissed, without prejudice.

(Doc. 39 at 13). The FAC fails to properly plead deception or fraud. Further, throughout his opposition to the motion to dismiss, Plaintiff repeats the discredited argument that "if you can 'carve out' the power of sale from a deed of trust and give it to a 'trustee', you run afoul of century-old American jurisprudence that holds that the note and mortgage are inseparable because a deed of trust without an ability to be enforced lacks its ability to be a security instrument." (Opposition at 11) (citations omitted). Because the FAC does not remedy the deficiencies identified in the memorandum decision dismissing Plaintiff's original RICO claim, the RICO claim is DISMISSED WITH PREJUDICE.

### B. State Law Claims

In a case that is removed to federal court based on federal question jurisdiction, once all federal claims are eliminated from the action, federal courts have discretion to remand the remaining state law claims to the state court. *E.g. Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991). To make the remand decision, a court should consider factors such as judicial economy, convenience, fairness, comity, and forum manipulation. *City of Chi. v. Int'l College of Surgeons*, 522 U.S. 156, 173 (1997). Based on these factors, "it is generally preferable for a district court to remand remaining pendent claims to state court." *Harrell*, 934 F.2d at 205. Unless considerations of judicial economy, convenience, and fairness weigh in favor of

PDF created with pdfFactory trial version www.pdffactory.com

exercising pendent jurisdiction, federal courts should remand state law claims to avoid needless decisions of state law. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) superseded by statute on other grounds as stated in *Berrios-Cintron v. Cordero*, 976 F. Supp. 110, 111 n.2 (D.P.R. 1997).

Neither judicial economy, convenience, or fairness weighs in favor of exercising pendent jurisdiction in this case. The interest in comity weighs heavily in favor of remand, as Plaintiff's state law causes of action implicate the propriety of a non-judicial foreclosure sale of real property under state law and a state court judgment in an unlawful detainer action concerning the Property, all maters inherently local in nature. Accordingly, Plaintiff's remaining state law claims are REMANDED.

**<u>ORDER</u>**

For the reasons stated above:

1) Plaintiff's federal claims are DISMISSED, with prejudice;

2) The remainder of Plaintiff's claims are REMANDED to the Superior Court of California, County of Kern; and

IT IS SO ORDERED.

Dated: April 18, 2011      /s/ OLIVER W. WANGER
                           UNITED STATES DISTRICT JUDGE

PDF created with pdfFactory trial version www.pdffactory.com